# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> MANUELA CIBRIAN-LOPEZ, <br><br> Defendant. | No. CR 18-4002-MWB <br><br> **ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## I. BACKGROUND

On January 25, 2018, an Indictment charged defendant Manuela Cibrian-Lopez, in **Count 1**, with possession with intent to distribute 80 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and, in **Count 2**, with possession of a firearm during and in relation to, and in furtherance of, a drug-trafficking crime, that is, possession with intent to distribute marijuana, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(a)(2). On March 9, 2018, Cibrian-Lopez filed a Motion To Suppress her post-*Miranda* statements to law enforcement agents, because those statements were not made knowingly, intelligently, and voluntarily, so as to constitute a waiver of her Fifth Amendment rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). On April 27, 2018, United States Magistrate Judge Kelly K.E. Mahoney held an evidentiary hearing on Cibrian-Lopez's Motion To Suppress. On May 25, 2018, Judge Mahoney filed her Report And Recommendation that Cibrian-Lopez's Motion To Suppress be denied. Her Report And Recommendation stated that objections to the Report And Recommendation were due within fourteen days of the service of her Report

And Recommendation, that is, on or before June 8, 2018. Her Report And Recommendation also made clear that failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. No party filed timely objections to the Report And Recommendation. Therefore, I now undertake the necessary review of Judge Mahoney's recommendation that Cibrian-Lopez's Motion To Suppress be denied.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's Report And Recommendation in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Thus, when a party objects to any portion of a Report and Recommendation, the district judge must undertake a *de novo* review of that portion.

On the other hand, any portion of a Report and Recommendation to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A district judge may elect to review a Report and Recommendation under a more-exacting standard even if no objections are filed:

> Any party who desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because the parties have filed no timely objections to the Report And Recommendation, I have reviewed the Report And Recommendation for clear error. *Grinder*, 73 F.3d at 795; 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Based on that review, I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573-74. As such, I hereby **accept** the Report And Recommendation (docket no. 73) and **deny** defendant Cibrian-Lopez's Motion To Suppress (docket no. 25).

**IT IS SO ORDERED**.

**DATED** this 13th day of June, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA