# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>MANUELA CIBRIAN-LOPEZ,<br><br>Defendant. | No. CR 18-4002-MWB<br><br>**ORDER REGARDING THE DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, THE PROSECUTION'S RULE 12(b)(1) MOTION, AND THE DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW MOTION** |

## I. INTRODUCTION

This case is before me, first, on defendant Cibrian-Lopez's March 1, 2018, Motion For Order To Show Cause Why This Case Should Not Be Dismissed (Motion To Dismiss). In support of her Motion To Dismiss, Cibrian-Lopez argued that, because she had been granted bail pending trial, but then held in Immigration and Customs Enforcement (ICE) custody pending deportation proceedings, the executive branch was required to decide between deporting her in administrative proceedings or pursuing the criminal prosecution, but it could not pursue both in tandem. Subsequently, however, Cibrian-Lopez was detained pending trial on the federal criminal charges against her, and further proceedings have not changed her detention status. Under these circumstances, it appeared to me that Cibrian-Lopez's Motion To Dismiss was likely moot. Therefore, by Order filed June 12, 2018, I informed the parties that, unless any party filed an objection not later than June 19, 2018, Cibrian-Lopez's Motion To Dismiss would be denied as moot.

On June 18, 2018, Cibrian-Lopez filed a Notice Of No Objection, stating that she did not object to denial of her Motion To Dismiss as moot. On the other hand, that same day, the prosecution filed a Supplemental Brief objecting to denial of Cibrian-Lopez's Motion To Dismiss as moot. The prosecution conceded that it was unusual for it to argue that a defendant's motion was *not* moot, but it argued that Cibrian-Lopez's Motion To Dismiss falls within the exception to mootness for a claim that is "capable of repetition, yet evading review." Because the mootness of Cibrian-Lopez's Motion To Dismiss was in dispute, by Order filed June 19, 2018, I set a hearing on the mootness issue for June 27, 2018. Prior to the hearing, Cibrian-Lopez filed a Response to the prosecution's Supplemental Brief. At the hearing, I reserved ruling on the mootness question and requested further clarification of the parties' positions.

On July 2, 2018, Cibrian-Lopez filed a Notice Of Intent To Plead Guilty and the second motion now before me, her Motion For Leave To Withdraw Motion For Order To Show Cause Why This Case Should Not Be Dismissed And Waiver (Motion To Withdraw). On July 3, 2018, the prosecution filed the third motion now before me, its Pretrial Motion Requesting A Decision On The Merits (Rule 12(b)(1) Motion), seeking a ruling on the issues raised in Cibrian-Lopez's Motion To Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure. On July 9, 2018, Cibrian-Lopez pleaded guilty to the two counts of the Indictment against her before United States Magistrate Judge Kelly K.E. Mahoney.

## II.     LEGAL ANALYSIS

The analysis of the proper disposition of the three motions now before me is interwoven. This interweaving is clear, if I begin my analysis with the prosecution's Rule 12(b)(1) Motion.

### A. The Prosecution's Rule 12(b)(1) *Motion*

In its Rule 12(b)(1) Motion, the prosecution argues that, under the circumstances presented here, I should address the issue raised in Cibrian-Lopez's Motion To Dismiss, because that issue can be decided without a trial and because there is no good cause to defer ruling on the issue.[1]

I agree with the prosecution that the issue raised by Cibrian-Lopez in her Motion To Dismiss satisfies the requirement to be considered on a Rule 12(b)(1) motion, that is, that the issue is one on which "'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604–05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). The facts at issue in Cibrian-Lopez's criminal charges have nothing to do with the facts at issue in her challenge to parallel prosecution on criminal charges and the government's pursuit of administrative removal. On the other hand, I conclude that the second requirement for a Rule 12(b)(1) motion, which is that there is no "good cause to defer" a ruling, *id.* at 605, depends upon whether or not the issue raised by Cibrian-Lopez is, in fact, moot. Specifically, if the issue is moot, there is good cause to defer a ruling and no good cause to decide the issue at this time. Therefore, I turn to the "mootness" issue.

---

[1] The prosecution also argued that a ruling against the prosecution could result in dismissal of the prosecution, in the interests of justice, while a ruling for the prosecution would mean that Cibrian-Lopez would be more fully informed of her options and the relative implications of pleading guilty versus going to trial. These arguments are mooted by Cibrian-Lopez's guilty plea on July 9, 2018.

3

## B. Whether The Motion To Dismiss Is Moot

### 1. Arguments of the parties

The prosecution argues that the issue raised in Cibrian-Lopez's Motion To Dismiss falls within the exception to mootness for a claim that is "capable of repetition, yet evading review." The prosecution argues that the pretrial period was too short to allow full litigation of the issue. The prosecution also argues that examples of scenarios in which the issue could resurface in this case or as to Cibrian-Lopez include the same or different counsel in this criminal case raising the issue at a later juncture; Cibrian-Lopez asserting the issue in a § 2255 proceeding alleging ineffective assistance of counsel or unlawful detention; or Cibrian-Lopez asserting the issue in a subsequent immigration court proceeding. The prosecution also argues that Cibrian-Lopez could assert, post-conviction, that she cannot be removed, because the government elected criminal prosecution over administrative removal; if she were released on bond in this criminal case and subjected to administrative removal, Cibrian-Lopez would likely argue that the government is forever barred from pursuing this criminal case because it elected to pursue administrative removal; and if she returns to the United States after removal, Cibrian-Lopez would likely argue, again, that the government should be forced to elect between pursuing administrative removal or criminal prosecution for illegal reentry.

On the other hand, Cibrian-Lopez argues that it appears that the government has elected to proceed with criminal prosecution and forego her removal until after completion of her prosecution and possible sentence, so her Motion To Dismiss is moot. In her Motion For Leave To Withdraw, Cibrian-Lopez reiterates that she is now in the custody of the United States Marshals Service pursuant to the Bail Reform Act in accordance with a May 25, 2018, detention order by United States Magistrate Judge Mahoney; that she has not appealed Judge Mahoney's detention order; that the Department of Homeland Security is presently taking no steps to effectuate her removal

during the pendency of her criminal case; that she has filed her Notice Of Intent To Plead Guilty; that her change of plea hearing has been set for July 9, 2018 (and she has now entered a guilty plea); that she has been fully advised of her rights; and that she has not contended that the United States may not proceed with effectuating her removal pursuant to the Immigration and Nationality Act after the completion of her criminal case and her service of a criminal sentence, and she expressly waives any purported right to assert such a claim in the future. If the prosecution disputed the validity of her waiver, presented only by counsel in her Motion For Leave To Withdraw, the prosecution had ample opportunity to obtain a waiver by Cibrian-Lopez, in person, at her change of plea hearing. Under all the circumstances, Cibrian-Lopez argues that she should be granted leave to withdraw her Motion To Dismiss.

### 2. *Discussion*

The prosecution's argument that the claim raised in Cibrian-Lopez's Motion To Dismiss is not moot centers on its contention that there are various circumstances in which her claim could resurface, if I do not reach that claim now. I conclude that is not the proper test under the "capable of repetition, yet evading review" exception to mootness.

The Supreme Court recently considered the "capable of repetition, yet evading review" exception to mootness in *United States v. Sanchez-Gomez*, 138 S. Ct. 1532 (2018). In that case, the Court considered the mootness of challenges by four pretrial detainees to being fully restrained during pretrial proceedings in their cases. *Id*. at 1536. The district court denied relief, and the Ninth Circuit Court of Appeals reversed, even though each of the four criminal cases had ended prior to its decision. *Id*. The Court reiterated,

> A dispute qualifies for that exception only "if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2*) there is a reasonable expectation that the same complaining party will*

> *be subjected to the same action again." Turner v. Rogers*, 564 U.S. 431, 439–440, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011) (alterations and internal quotation marks omitted).

*Sanchez-Gomez*, 138 S. Ct. at 1540 (emphasis added). The Court concluded that the claims of two of the pretrial detainees did not meet the second prong of the exception. *Id*. at 1541-42. What is instructive, here, is that the Court did, indeed, focus on *whether the complaining parties would be "subjected to the same action again,"* not on whether there was any other circumstance in which the complaining parties might subsequently revive their challenges to being fully restrained during pretrial proceedings. *Id*. Specifically, the Court rejected the argument that the "capable of repetition" requirement was met, because there was a possibility that the complaining parties would again violate the law, be apprehended, and be returned to pretrial custody, where they would again be subjected to being fully restrained during pretrial proceedings. *Id*. at 1541. Similarly, the Court rejected the complaining parties' reliance on two prior decisions, *Honig v. Doe*, 484 U.S. 305 (1988), and *Turner v. Rogers*, 564 U.S. 431 (2011), because, the Court explained, its "decisions in those civil cases rested on the litigants' inability, for reasons beyond their control, to prevent themselves from transgressing *and avoid recurrence of the challenged conduct*." *Id*. at 1542 (emphasis added).

The cases on which the prosecution principally relies are not to the contrary. In *United States v. Dunlap*, 719 F.3d 865 (8th Cir. 2013), the Eighth Circuit Court of Appeals considered the mootness of the defendant's appeal of his sentence for violating the terms of his supervised release, where he had been released from custody and his sentence had been fully discharged before his appeal could be heard. 713 F.3d at 866. The court found that the second requirement of the "capable of repetition, yet evading review" exception was not met, because the court "w[ould] not assume Dunlap will in future be convicted of a crime, sentenced to supervised release, charged with violating supervised release, appeal that violation, and again find his appeal moot." *Id*. at 868.

6

Thus, the court also focused on whether the defendant would face the same challenged conduct, not whether he could raise the same claim again in the same or other proceedings. In *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 795-96 (8th Cir. 2016), the Eighth Circuit Court of Appeals also focused on whether there was a probability that the claimants would subsequently face the same challenged *conduct*—deadlines and policies relating to formation of a campaign committee—not on whether the claimants might renew their challenge in subsequent proceedings.

I conclude that Cibrian-Lopez's challenge to government conduct in her Motion To Dismiss does not fit the "capable of repetition, yet evading review" exception to mootness. There is simply no reasonable expectation that the same complaining party, Cibrian-Lopez, will again be subjected to the same action, ICE detention after being granted bail on a federal criminal charge and the alleged failure of the government to decide whether to pursue the criminal charge or administrative removal. *Sanchez-Gomez*, 138 S. Ct. at 1540. As in *Sanchez-Gomez*, the possibility that Cibrian-Lopez could subsequently face parallel criminal proceedings and administrative removal proceedings is not enough. *Id*. at 1541 (explaining, "[W]e have consistently refused to 'conclude that the case-or-controversy requirement is satisfied by' the possibility that a party 'will be prosecuted for violating valid criminal laws.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)). The possibility that Cibrian-Lopez could renew her present claim in subsequent proceedings in this case, in a § 2255 proceeding, or in subsequent administrative proceedings, is simply irrelevant to the analysis under the requirements for the "capable of repetition, yet evading review" exception to mootness.

Not only does this analysis demonstrate that Cibrian-Lopez's Motion To Dismiss is now moot, it also demonstrates that the issue raised in that Motion To Dismiss is not one properly asserted in the prosecution's Rule 12(b)(1) Motion. The issue is not one on which there is no "good cause to defer" a ruling, but one in which there is "good cause" not to reach the issue, because the issue is moot. *Turner*, 842 F.3d at 605.

7

### C. *The Motion To Withdraw*

The analysis, above, also demonstrates that Cibrian-Lopez's Motion To Withdraw her Motion To Dismiss should be granted, to the extent that Motion To Dismiss is moot.

### III. CONCLUSION

Upon the foregoing,

1. Defendant Cibrian-Lopez's March 1, 2018, Motion For Order To Show Cause Why This Case Should Not Be Dismissed (Motion To Dismiss) (docket no. 21) is **denied as moot**;

2. The prosecution's July 3, 2018, Pretrial Motion Requesting A Decision On The Merits (Rule 12(b)(1) Motion) (docket no. 89) is **denied**; and

3. Defendant Cibrian-Lopez's July 2, 2018, Motion For Leave To Withdraw Motion For Order To Show Cause Why This Case Should Not Be Dismissed (Motion To Withdraw) (docket no. 88) is **granted** to the extent that I have determined the Motion To Dismiss is moot.

**IT IS SO ORDERED**.

**DATED** this 11th of July, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA